UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-10081-CIV-KING/SIMONTON

MAIVI RUBAL,

    Plaintiff,

v.

BIG JOHNS PIZZA, PASTA & SUBS CO.,
FRANK SIPOS and CLAUDIA JONISAVA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's Motion for Summary Judgment (DE 37) filed on May 30, 2018. Upon review of the record and careful consideration, the Court finds that the Motion should be granted.[1]

Plaintiff Maivi Rubal ("Rubal") filed her Complaint on October 9, 2017 against Defendant Big Johns Pizza, Pasta & Subs Co. ("Big John's Pizza"), Defendant Frank Sipos ("Sipos") and Defendant Claudia Jonisova ("Jonisova"), alleging violations of Fair Labor Standards Act, 29 U.S.C. § 201, the Pregnancy Discrimination Act, 42 U.S.C. § 2000e *et seq.* ("PDA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA"), and the Florida Civil Rights Act, Fla. Stat. § 760 *et seq.* ("FCRA") (DE #1). The Defendants filed their Answer and Affirmative Defenses to the Complaint on November 2, 2017 (DE #11). The parties

---

[1] The Court has also considered the Defendant's Statement of Material Facts in Support of its Motion (DE 38), filed on May 30, 2018, the Plaintiff's Response to the Defendant's Motion for Summary Judgment (DE 44), filed on June 13, 2018, the Plaintiff's Response to the Defendant's Statement of Material Facts (DE 44), also filed on June 13, 2018 and all the exhibits and declarations attached thereto.

settled Plaintiff's wage and hour claims.[2] As such, only counts III, IV, V, and VI remain pending.

## I. BACKGROUND

The Plaintiff began working for Big John's Pizza in June 2016. (DE 39-1, page 49: 22-24). The Plaintiff was hired to serve as a cashier and take orders. (DE 39-1, page 51:1). During the course of her employment, the Plaintiff was late to work on some occasions and on other occasions, did not come in altogether. (DE 39-1, page 51). Shortly after beginning her employment, the Plaintiff learned that she was pregnant and informed the Defendant. Towards the end of September 2016, the Plaintiff began experiencing complications with her pregnancy and went to the emergency room on more than one occasion. As a result of those complications, the Plaintiff asked Defendant Sipos for certain accommodations. Specifically, the Plaintiff could not stand on her feet for too long or carry heavy items. (DE 39-1, page 71). The Plaintiff received all the accommodations that she requested. (DE 39-1, page 83). During her visit to the emergency on September 30, 2016, the Plaintiff was told to rest until October 7, 2016. (DE 39-1, page 69). The Plaintiff needed the money, however, and opted to return back to work before October 7, 2016. On October 23, 2016, the Plaintiff was running late to work. (DE 39-1, page 72). She texted her supervisor that she was going to be late and he advised her that he was not working on that day and that she would have to deal with the owner (Defendant Sipos) directly. *Id.* Upon her arrival at Big John's Pizza, Defendant Sipos told the Plaintiff to "go home." (DE 39-1, page 72-73). Thereafter, Plaintiff neither checked nor went in to Big John's Pizza to inquire whether she was scheduled to work. (DE 39-1, page 75). The Plaintiff only returned to work a week later to fill out unemployment compensation papers. (DE 39-1, page 101-02).

---

[2] The Plaintiff accepted Defendant's Offer of Judgement (DE #19) on January 23, 2018 in which she received $337.50 in back wages and $337.50 as liquidated damages, for a total recovery of $675.

2

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Kesinger v. Herrington*, 381 F. 3d 1243, 1247 (11th Cir. 2004). However, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties in reviewing the record evidence. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## III. DISCUSSION

The Defendant moves for summary judgment on the remaining counts on the basis that Plaintiff failed to meet her burden of establishing a prima facie case that she suffered discrimination of any type. The Court has reviewed all the evidence proffered by the Parties, which includes the Plaintiff and Defendant's deposition transcripts, the deposition transcript of

3

Vivian Yern, and numerous supporting declarations. As detailed below, the Plaintiff has failed to provide any evidence, direct or circumstantial, to establish that she was the victim of discrimination in violation of the PDA, ADA, or FCRA.

It is clear to one who has studied the case decisions on the specific elements of each of the acts sued upon by Plaintiff that a person seeking redress for alleged discriminatory violations prohibited by Congress under the ADA, PDA and FLACRA, Plaintiff must sustain some adverse action as an element of each and every one of these acts. Adverse action by a Defendant is, as Plaintiff has suggested, provable by circumstantial evidence. However, where there is neither or direct or circumstantial evidence of any adverse action by an employer, the suit must fail.

Plaintiff, although all of the direct evidence and reasonable circumstantial inferences drawn therefrom point to the contrary, persists in asserting that she was fired. She suggests, for example, that when she asked for an accommodation to go home because she was not feeling well and was freely granted that request and told to "to go home," that this was proof, circumstantially, that her employer fired her because she was pregnant. Absent more, either by act, statement or otherwise, these words, although Plaintiff believed in her mind were equivalent to a statement that "you are fired," do not rise to that level of reasonable interpretation.

Although Plaintiff may be sincere in her belief that these matters all indicated to her that she was fired, they do not meet the level of competent circumstantial evidence (or direct evidence) that the employer was notifying her she was fired and her job was over.

### A. Count III – Violation of the PDA

Defendant moves for summary judgement on Plaintiff's Count III, which alleges pregnancy discrimination under the Pregnancy Discrimination Act. A Plaintiff establishes a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2)

4

she was subjected to an adverse employment action; (3) her employer treated similarly situated employees (not belonging to the class) in a more favorable fashion and (4) she was qualified to do the job. *See McCann v. Tillman*, 526 F..3d 1370, 1373 (11th Cir. 2008). Once a Plaintiff establishes a prima facie case, the burden shifts to the employer who must than articulate a legitimate non-discriminatory reason for the employment action. *See Burke-Fowler v. Orange Cty, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). If the employer is able to satisfy its burden, the presumption of discrimination is rebutted and the burden falls on the Plaintiff to demonstrate that the actual reason is a pretext for discrimination. *Id.*

Here, the Defendant does not dispute that the Plaintiff was a member of a protected class, but argues that she fails to establish a prima facie case of pregnancy discrimination in all other respects. The Court agrees. The Plaintiff's testimony establishes that on the day she alleges she was fired, the Plaintiff was merely asked to go home because she was late and by the time she arrived at Big John's Pizza, the manager had already coordinated for someone to cover her shift. Plaintiff's own testimony confirms that she was never told she was fired:

> Q. Did he [Defendant Sipos] tell you you were fired?
> [...]
> A. No.

(DE 39-1, page 72:25-73:1-3).

The Plaintiff has not shown that she was fired and as such, fails to establish that she was subjected to an adverse employment action.

The Plaintiff has also not established that she was qualified for the job. To the contrary, the Plaintiff's own testimony confirms that there were instances when Plaintiff came in late and other instances when she did not show up at all for her assigned shifts:

> Q. And there were instances when you worked for Big John's where you came in late, right?

5

    **A.**    Yes.
        [. . .]
    **Q.**    There were times where you just didn't show up fopr your shift at all at Big John's, correct?
        [. . .]
    **A.**    Yes, it happened, but I called.

(DE 39-1, page 51:6-17).

Accordingly, based on a review of the facts, the Court finds that the Plaintiff has failed to establish a prima facie case of pregnancy discrimination.

### B. Count IV – Violation of the FCRA

The Defendant moves for summary judgment on Count IV, which alleges a claim of gender discrimination under the Florida Civil Rights Act. To prevail on a claim of gender discrimination under the Florida Civil Rights Act, Plaintiff must establish that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside her protected class in a more favorable fashion. *See Nicholas v. Bd. Of Trustees of Univ. of Alabama*, 251 Fed. Appx. 637, 643 (11th Cir. 2007).

As stated above, the Court finds that the Plaintiff failed to establish that she was qualified for the position or that she suffered an adverse employment action. As such, the Plaintiff has failed to establish a prima facie case of gender discrimination and summary judgment is entered for Defendant on this Count.

### C. Count V – Violation of the ADA

The Defendant moves for summary judgment on Count V, which alleges a claim of discrimination based on disability pursuant to the ADA. To establish a claim for disability discrimination, a Plaintiff must show that: (1) she has a disability; (2) she was qualified at the relevant time and (3) she was discriminated against because of her disability. *See Alvarez v.*

6

*School Bd. Of Broward County*, 208 F.Supp.3d 1281 (S.D. Fla. 2016). An employer unlawfully discriminates against a person with a disability when the employer fails to provide reasonable accommodations for the disability, unless doing so would cause an undue hardship on the employer. 42 USC § 12112(b)(5)(A). The employee bears the initial burden of requesting an accommodation and Plaintiff can only prevail on her claims, where, the employer fails to provide the requested accommodation. *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999). Where Plaintiff fails to meet her burden of proof summary judgment must be granted. *Id.*

The Defendant argues it is entitled to summary judgment on this count because the Plaintiff has failed to establish that she requested an accommodation and was denied by Defendant. The Court agrees. In fact, the Plaintiff's own testimony confirms that she was granted all the accommodations that she requested:

> Q. What accommodations did you request from Big John's that they did not provide?
>
> A. None.

(DE 39-1, page 83:2-4).

Based on the foregoing, the Court finds that the Plaintiff has failed to establish a prima facie case of discrimination based on a disability.

### D. Count VI – Violation of the FCRA (Handicap)

The Defendant moves for summary judgment on Plaintiff's Count VI, which alleges discrimination on the basis of a handicap. For the reasons stated above, the Plaintiff has also failed to meet her burden of proof with respect to Count VI.

## IV. Conclusion

In view of the foregoing, the Court finds that the Plaintiff has not established that she was subjected to discrimination of any type. Accordingly, summary judgment is entered in favor of the Defendant and against Plaintiff Rubal on all remaining counts. It is therefore,

**ORDERED, ADJUDGED** and **DECREED** that Defendant's Motion for Summary Judgment **(DE 37)** is **GRANTED** on Counts III, IV, V and VI.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of July, 2018.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Andrea M. Simonton
All Counsel of Record